Good morning. The first case this morning is Richland Security Service v. DHS. Mr. Ginsburg. Thank you, Your Honor. Good morning. May it please the Court, the issue involved in this case has been here before, in La Vernier. There the government, however, conceded that EJ allows for the recovery of paralegal fees at the prevailing market rate. So this Court was not called upon expressly to decide it in that case, although it was in essence conceded by the government. And the only issue there was the application of a COLA to the paralegal fee rate that was being, had been admitted, if you will, by the government. The government's going to tell us here in a moment that we should look at a Senate report that says that paralegal fees are to be reimbursed at cost. What's that mean? Your Honor, as I addressed in my reply brief, those were discussion of expenses. The Senate report was making clear that in addition to fees, attorneys are entitled to expenses. And whatever those expenses are other than overhead costs and costs that are unreasonable and so on. And they were giving a set of examples. But doesn't that suggest at least that you're going to bill the attorney the paralegal fees like costs at the cost to the law firm? If the, what it's saying is that the attorney is entitled to whatever his costs are as expenses over and above the fees. And if he bills, he's entitled if he wishes to bill the paralegal expenses or paralegal fees at cost. That's one of his options. And if he does, that becomes an expense. And it gives that as an example of expenses. But that's only if he bills at cost. If he didn't bill at cost, it wouldn't be an expense. It wouldn't be on the side of the ledger that discusses expenses or that he would put in an expense. That the billing firm or the billing lawyer can make that choice, free choice to the billing lawyer as to whether to be billed as expenses or to be billed as fees? It depends on his practice, Your Honor. Lawyers are supposed to bill in accordance with their ordinary practices. And would normally do it. I mean, there wouldn't be a question in most cases. It's not a question. When the report was written, it would appear that the assumption was the practice was to bill as expenses for paralegal. Is that fair? Not necessarily, Your Honor. I mean, that's why it said at cost. Because they wanted to make clear they were talking about expenses, I believe. And that's the logical reading, I believe, of the Senate report. That much is clear. But what you're saying is that the law firm doing the billing is free not to bill as expenses, but to bill it as fees. Is that your position? Yes, it is definitely, Your Honor. And it's in accordance with their practices. I mean, most law firms, all the law firms I know of now, and for the last 10 or 15 years, have billed paralegals at market billing rates, whatever they may be, but at hourly rates. Let me ask you to back up for a moment. As I understand the state of play here, that 1988 has been construed by the Supreme Court of Missouri against Jenkins to allow paralegals to be billed at their normally hourly rates. And the question is whether EJIT is different in legislative history to which Judge Rader pointed to. But isn't there also some difference on the face of the statute? It seems to me there are potentially two differences on the face of the statute. One, that EJIT, unlike 1988, sets a dollar cap of now $125 an hour, correct? That's the difference between the two statutes. That is correct, Your Honor. And under your view, there would actually be a significant cap on legal fees, $125 an hour, but there wouldn't be really a significant cap on paralegal fees because it would be the same $125 an hour as for legal fees, correct? I think so, Your Honor. I mean, in our case, in this case, we had the top billing rate for paralegals in my firm, and on this case was $135, which we reduced to $95 than the prior billing rate, sort of keeping in line with the legal fees. Well, wouldn't it be kind of anomalous for Congress to say that people can get the same rate for lawyers and paralegals and cutting way back on the traditional rate for lawyers to $125 an hour but allowing paralegals to be billed at the same rate? Isn't that kind of odd? I really don't think so, Your Honor. I mean, the fact is that the cap is a rule that Congress put on to basically limit the recovery of attorney's fees and to keep that limitation, and I don't see why you can't have paralegals also subject to the same cap. But, Mr. Ginsburg, following up on what Judge Dykes is telling us, the reasoning of Missouri v. Jenkins was very much that we want to encourage paralegals to replace the more expensive attorney fees. Right. At the point that the paralegal fees become equal to or potentially greater than the attorney fees, haven't we defeated the entire purpose of Missouri v. Jenkins in the first place? Your Honor, it depends on the facts in any given case. It's certainly not a general statement. It's not correct as a general statement in a lot of these cases that the paralegal fees are going to be at the attorney's level. But Judge Wright is correct. It's not that with the fee cap here that the encouragement now runs the other way. You're encouraged to refer the work to paralegals so you can charge something comparable to the standard rate, and that seems to be an unlikely goal of Congress, to encourage people to shift work to paralegals so they can charge more and recover more. But, Your Honor, that's assuming that the work, the universe of the work we're talking about, I believe, is government contract work and work in which the recovery, the fees, are going to be arguably recovered under EJA. And that's certainly not true of most law firms. Most law firms have a wide variety of work and are going to have paralegals do whatever they're capable of. The fact that there is a cap on attorney's fees means that there's going to be some serious sacrifice that the firm is going to make, and they're going to substantially under-recover the attorney's fees. There's no question of that. Also, nowadays, market rates are going to under-recover paralegal fees at the same time. So your argument is that the anomaly isn't that paralegals will be making more than lawyers. Your argument is Congress has made it necessary for lawyers to make less than they should by putting a cap on it. Well, that's for sure, Your Honor. Yes. That's certainly true. So under your view, Congress was intending to penalize lawyers but not paralegals? Not true, Your Honor. The paralegals, first of all, the paralegals are working for a law firm. They're not normally working for themselves. So the law firm is going to be billing for them, going to be paying the paralegals and recovering for their fees at the billed rates. If those rates are below the cap, then they can't recover for those. Shouldn't this Court be worried a little bit about the quality of services being provided to potential clients? Instead of them receiving top-flight attorney attention, that's going to be more shifted to paralegals who will get their full rate rather than the lower attorney fees rate and perhaps jeopardize the level of client representation. Is that something the Court has to worry about here? I don't think so, Your Honor. I think the integrity of attorneys is such that they will give the best representation that they're capable of. But it's economics to govern law firms as well. Yes. If they can have a cadre of paralegals working on something at their full rate rather than take a 60%, 80% cut in his rate to do the same work, then the incentives might run against attorney attention to that case, don't you think? No, Your Honor. I don't believe so at all. The attorney is going to give his best attention to the case. Do you think that Congress would have seen this as a reason to bill paralegals at cost to the firm and perhaps thus keep the economic incentives more in line with the kind of representation Congress might have wanted? I don't think there's any evidence of that at all, Your Honor. Congress could have said it if they wanted. One other aspect of the statute. Contrary to 1988, isn't EJ more detailed as the kind of fees that can be recovered, like expert witnesses are specifically mentioned in EJ? In other words, EJ is more specific. 1988 is more general. Isn't that true? I think that's true, Your Honor, yes. And should we draw some conclusion from that, that if they wanted paralegal fees to be recovered at normal hourly rates, that they would have said it in the statute? I don't think we can draw that inference at all, Your Honor. The statute is silent, and I believe that you have to draw the conclusions as they would come out. I think both the Jean case and Missouri v. Jenkins are instructive in terms of why they believe that paralegals should be billed at market rates. Basically to encourage law firms to use them to their ability. They're not going to assign a paralegal to go try the case. They're going to have him do research and take off some of the work that the attorney can be saved. Thank you. Thank you, Mr. Ginsburg. Mr. Blades. May it please the Court, Reginald Blades representing the government in this action. The issue is whether paralegal time is a fee or an expense. Is that determined by the billing practices of the firm providing the service? No, Your Honor, I don't believe it is. It's properly determined by a construction of the statute. And here, as has been pointed out, the EJIA statute is much more detailed than some of the other fee-shifting statutes, such as Section 1988, which simply refers to the recovery of a reasonable attorney's fees. EJIA provides more detail, and it would be- But EJIA doesn't deal specifically with paralegal fees. No, Your Honor, it does not. It may be detailed in other areas, but it certainly isn't detailed on this one. It makes a distinction between fees and other expenses. And fees, from the language of the statute itself and from the legislative history that's been cited in our briefs, refers to the fee for the representative of the party, either an attorney or in those- Since we're talking about administrative proceedings here, where those administrative agencies allow non-attorneys to appear on behalf of individuals, those are called agent fees. So fees would apply to the fees for the person representing the individual before the forum. Everything else would appear under EJIA to be other expenses. And as has been pointed out, the legislative history from the Senate report makes an example in an effort to clarify what is meant by fees and other expenses. And one of the things they use as an example is that other expenses includes paralegal time. What was the date of EJIA? When was EJIA enacted? I believe it was made permanent in 1988. And what was the status of the recovery of paralegal fees at normal hourly rates as of the time EJIA was enacted? I mean, I'm talking about the case law, not the practice in all terms. As far as I know, the case law doesn't clearly reveal that. As has been discussed, there are cases that- In 1989, the case law was unclear as to whether paralegal fees could be billed at hourly rates under these various other fee-shifting statutes. Under other fee-shifting statutes, yes, sir, I believe there was some concern. That's why, presumably, one of the reasons that Missouri v. Jenkins was taken up by the Supreme Court to answer that question among others. And as Your Honor made reference to, those were other fee-shifting statutes, specifically with regard to EJIA, because EJIA had been in effect for a few years. I forget precisely the dates, but it had been in effect for a few years and then made permanent. I'm not aware of any case law that specifically addresses paralegal fees. Well, let me ask you about our 1991 case. I can't remember whether it was Lavergne or Lavergne anymore. But we said in 1991, thus, although EJIA allows for the recovery of paralegal fees for whom the prevailing market rate is less than $75 per hour, neither the cap on those fees nor the fees themselves may be augmented by a cold, we had, although it wasn't specifically the issue in Lavergne, it was certainly the underlying issue in Lavergne was, if we treat EJIA paralegal fees or recoveries as fees, the question was how the cap applied, the cold cap, right? And it seems that, however it happened, the panel certainly assumed, simply for granted, that the paralegals were to be treated as market rate fees. Aren't we bound by that? I don't believe so, Your Honor. One, as Your Honor pointed out, it is not clear from the Court's decision whether that was even an issue, whether anyone argued one way or the other how the paralegal time should be... But it is clear that the Court took a position on it. What's clear is that the Court was answering the question of whether the paralegal time, however it was compensated, was also subject to a cost-of-living adjustment. What is clear, what I think is a proper inference for guidance in this case from Lavergne, is that clearly paralegal expenses, paralegal costs, fees, whatever one wants to call them, are not the same thing as attorney's fees and are not subsumed within the recovery of reasonable attorney's fees. If they were, then presumably the Court would have decided that they were also subject to a cost-of-living adjustment, just as the attorney... No one argues they're attorney's fees. That's an irrelevant issue. The only question is, are they billable as fees rather than expenses? As I look back at that case, I don't remember it all that clearly. It was almost 15 years ago that we wrote it. But as I look back on it, it seems to me the assumption at least was that, oh, yes, it's fine if they want to bill it as fees, they can, but there are certain limits under the statute that they have to deal with. My concern is, as a later panel, the extent to which we are obligated to honor that early case. Without due respect, Your Honor, I don't believe that it is completely irrelevant. I read Missouri v. Jenkins as suggesting that the reason paralegal expenses, paralegal costs, should be billed as fees under 1988 is because they are subsumed into the recovery of a reasonable attorney's fees. That's the only language in EJ that would support an award is the attorney fee line of trial. Yes, sir. And our argument is that EJ is different than Section 1988, as has been discussed, and that we are not simply talking about the recovery of a reasonable attorney's fee and what is subsumed within that, such as the Supreme Court addressed in Missouri v. Jenkins. And in Laverniere, one of the things this Court did was, as Your Honor has pointed out, it was a 1991 decision. It came a couple of years after Missouri v. Jenkins. It was probably rendered in light of that discussion in Missouri v. Jenkins, recognizing that paralegal fees under certain statutes may be subsumed within the reasonable attorney's fees. And in Laverniere, this Court recognized that they are not under the EJ, that under the EJ, paralegal fees are something different than the recovery for a reasonable attorney's fees. That's why they are not subject to the cost-of-living adjustment as the attorney's fees are under the EJ. Laverniere makes clear that paralegal fees are different from attorney's fees, and since they are not fees, they must fall under the other expenses category in the EJ. Is there a distinction between reasonable attorney's fees and the fees that are actually paid to attorneys? That is to say, it seems to me that the Jenkins case makes clear that there's an umbrella label called reasonable attorney's fees under which are subsumed things that are not fees specifically for attorneys, isn't it? Do I read that correctly? I think that's correct, yes. The issue in Laverniere was do we treat the subsumed paralegal fees in any way different from the fees we would pay to attorneys? The answer is yes, but that would be true perhaps of a number of things subsumed under that umbrella called reasonable attorney's fees. Otherwise, how do we get any fees in there? Well, the fees are for the attorneys. The fees are for those individuals who are representing the client, the individual appearing before the forum. Do you reimburse them for expenses that they get as well? There are a lot of word problems in there, aren't there? Yes, sir. Yes, sir, there are. Here, the proper construction of the EJ would be that the attorney or the agent who represents the individual before the forum is entitled to recover his fee as capped at the $125, and that other expenses that the attorney incurs in connection with the case are billable as expenses at cost. Mr. Blades, how does the policy that we were discussing with Mr. Ginsburg play out here? We find Jenkins telling us that we want paralegals to replace attorneys at a less expensive rate. How does that play out in this case? I think two things are important there, Your Honor. One is that in Jenkins, where the statute provided for simply the recovery of reasonable attorney's fees without a cap or any other restrictions upon that recovery, there appeared to be an effort to determine a way to make, as best as possible, what one might call full compensation. The EJ clearly does not contemplate that full compensation, as has been discussed. Attorney's fees are currently much higher than the $125 cap, and they are not recoverable beyond that, absent a specific regulation promulgated by the agency. The paralegal fees would seem to fall in line with the policy discussed in Missouri v. Jenkins if they are, in fact, recoverable at cost rather than at the fees billed. As this case evidences, the rate for paralegal fees is now apparently above the $125 cap on attorney's fees that appears in the EJ. Assuming a case in which the attorney's fees cap at $125 was higher than the practice market price for paralegals, in a particular case, we don't have that anomalous policy probability. That is to say, in a case in which it would be less expensive to the government for the firm to have used paralegals, in fact, then the incentive problem isn't quite the same, is it? Well, no, it's not, Your Honor, and of course the incentive here is not the government's. The government doesn't get to choose how the attorney ultimately divided the work to be done, but... Could we have a rule that says, this is just hypothetical, could we have a rule that says, yes, you can bill paralegals as recoverable attorney's fees, but only if the market price for paralegals is less than the current cap on lawyers in order to carry out the congressional purpose? Would that work? I don't believe so, Your Honor. I don't believe there's any language in the statute that would support that, and the most specific evidence of the congressional purpose is the Senate report that says paralegal time should be billed at cost, and so I wouldn't think that the Court would step beyond appropriate bounds to make a rule that otherwise is not supported by the language of the statute. So it's more like legislation than judicial? Yes, sir. Yes, sir. Let me ask you one other question here. It seems to me that Mr. Ginsburg's best argument is that we have these Supreme Court decisions that tell us that similar language in these fee-shifting statutes should be considered, should be construed the same way, so that we have a uniform body of law. We do have the same language in 1988 in each of our reasonable attorney's fees. What's the response to that? How strong is the Supreme Court's principle of construction that the language in these fee-shifting statutes should receive an identical construction across the board? I think that's initially answered by the Supreme Court's decision in the West Virginia Hospitals v. Casey discussion, where the Supreme Court rejects the notion that Missouri v. Jenkins is, if you will, portable to analyzing all other fee-shifting statutes. The Supreme Court in that West Virginia Hospitals case makes clear that similar language in different fee-shifting statutes is not necessarily to be interpreted the same. I don't read that case as addressing that question, because there they had the expert witness fee language was in Egypt, but not in 1988, so they were dealing with different language. What if they said on the subject of construing similar language differently, like what we have here? I can't off the top of my head cite you a case, but I believe what they have said is that similar language should be construed similarly. I think the point that the Court was making in West Virginia v. Casey was that the different fee-shifting statutes, even though they may use similar words in the context of the overall statute, it's not really similar language. In Casey, they were not interpreting EJIA, but they held up EJIA as an example of a statute that was different from, for example, Section 1988, because it did make specific provision for expert witnesses, whereas Section 1988 did not. In West Virginia hospitals v. Casey, I think the Supreme Court was cautioning anyone from making the connection that just because Missouri v. Jenkins had found something in Section 1988, that all other statutes should be interpreted the same, because all other statutes were not the same. Thank you, Mr. Blades. Thank you, Your Honor. Mr. Ginsburg, you have three minutes remaining. Thank you. I observe, Your Honor, that in billing, attorneys bill for expenses, we call them disbursements, in addition to attorney's fees and paralegal fees. That's a common practice, and we draw that distinction, and we believe, as attorneys, we're entitled to recover them. And the EJIA, through proper interpretation, supports that. The language of recovery of expenses, they make very clear that we can bill for and recover disbursements, which, by the way, would include paralegal expenses if the practice of the law firm is to bill at cost. And maybe there were law firms in 1988 that were billing them at cost. I don't know of any in the current era, but could have been. And the other observation I would make is that the cap is the anomaly here, the cap on attorney's fees. That's the piece that's sort of out of place. I mean, we have a system, and we have an arrangement, and it's perfectly logical except for the cap. And maybe the cap will be raised. I hope that someday the rates will, the cap will be raised, perhaps significantly. And the anomaly may go away entirely. And the reasoning for pushing off the work that you can down to paralegals, like a lot of the legal research and some of the analysis and contacts with clients and others, is work that logically can be done by paralegals who have the right personality and experience and so on, and can do it, and it will all fall into place. And maybe we should be looking forward to that day. But it seems to me that the court ought to be making its decision on the basis of the structure. And the reasoning of Missouri v. Jenkins is applicable. But also, and also, of course, Gene, the 11th Circuit decision in Gene that makes the point very cohesively that by encouraging the use of lower-cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours encourages cost-effective delivery of legal services. And that's also what the Supreme Court said in Missouri v. Jenkins. Thank you. Thank you, Mr. Ginsberg. Our next case this morning is Engate versus...